UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBICOM HANDELSGESELLSCHAFT M.B.H.

               Plaintiff,

-v-

KORNER M,

               Defendant.
-----------------------------------------------------------x

**JUDGE DANIELS**

07 CV 2879

**VERIFIED COMPLAINT**

RECEIVED APR 11 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, ROBICOM HANDELSGESELLSCHAFT M.B.H. (hereinafter "ROBICOM"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, KORNER M (hereinafter "KORNER"), alleges upon information and belief as follows:

### JURISDICTION

1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

2.    At all times material hereto, Plaintiff, ROBICOM, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at Wipplinger Hauptstrasse 1 / Top 2, A-1010 Wien Oesterreich, Vienna, Ausrtria.

3.    At all times material hereto, Defendant, KORNER, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign

country, with an office and principle place of business at Karanganda, micro-district Stepnoy 3, house 4, fl. 8, Kazakhstan.

## FACTS AND CLAIM

4. As a result of KORNER M's breach of contract between ROBICOM and KORNER M dated February 21, 2007, ROBICOM has a claim against KORNER M for dead freight, due to the cancellation of the vessel which was to carry the subject cargo of the contract. As a result, ROBICOM has suffered additional damages as well.

5. It is well settled that a claim for dead freight is a maritime claim.

6. Despite repeated demands for payment of damages in the amount of US$68,900, defendant, KORNER M, continues to fail, neglect and/or otherwise refuse to pay, ROBICOM, the amount which is now due and owing ROBICOM.

7. Pursuant to the terms of the contract, all disputes arising thereunder are to be submitted to London arbitration.

8. London arbitration provides that the successful party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount not less than US$50,000.00.

9. Therefore, ROBICOM's total claim amounts to not less than US$118,900.00.

## BASIS FOR ATTACHMENT

10. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but the Defendant is believed to have or will have during the

pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

11. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendant, KORNER M, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and

Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendant, up to the amount of USD $237,800.00 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

      C.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       April 10, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
ROBICOM HANDELSGESELLSCHAFT M.B.H.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBICOM HANDELSGESELLSCHAFT M.B.H.

                              Plaintiff,                     07 CV

-v-

                                                       **VERIFICATION OF**
                                                       **COMPLAINT**

KORNER M,

                              Defendant.
------------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

        1.       I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, ROBICOM HANDELSGESELLSCHAFT M.B.H., herein;

        2.       I have read the foregoing Verified Complaint and know the contents thereof; and

        3.       I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

        4.       The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
         April 10, 2007

                                                   CHALOS, O'CONNOR & DUFFY, L.L.P.
                                                   Attorneys for Plaintiff
                                                   ROBICOM HANDELSGESELLSCHAFT M.B.H.

                              By:    _____
                                                     George M. Chalos (GC-8693)
                                                   366 Main Street
                                                   Port Washington, New York 11050
                                                   Tel: (516) 767-3600
                                                   Fax: (516) 767-3605
                                                   Email: gmc@codus-law.com